# United States Court of Federal Claims

No. 11-166 C
March 1, 2012

| | |
|---|---|
| **Luis A. Arrañaga,**<br><br>      *Plaintiff*,<br><br>v.<br><br>**United States of America,**<br><br>      *Defendant*. | (Summary judgment; employment contract; breach of contract; implied covenant of good faith and fair dealing) |

   *Eric S. Montalvo*, The Federal Practice Group, Washington, DC, for plaintiff.

   *Carrie A. Dunsmore*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION *and* ORDER

**Block,** *Judge.*

   This is a suit for breach of an employment contract under which plaintiff was employed as a Diplomatic Courier Liaison at the United State Embassy in Mexico. [1] Nevertheless, the casus belli of the alleged breach does not rise to the level of a dispute in diplomacy. Indeed, its resolution turns on something more mundane—the failure to heed the operation of well-worn judicial procedures. Such failure dooms plaintiff's case.

   Defendant's motion for summary judgment, made pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"), [2] presents what ought to be a straightforward

---

[1] The case falls within the Tucker Act, 28 U.S.C. § 1491(a)(1), which gives the court jurisdiction over claims arising out of, *inter alia*, "any express or implied contract with the United States"—including plaintiff's employment contract. *See Trauma Serv. Group v. United States*, 104 F.3d 1321, 1324-25 (Fed. Cir. 1997).

[2] After defendant filed this motion, but before plaintiff responded, this court adopted a new version of RCFC 56, bringing the RCFC into line with the Federal Rules of Civil Procedure. Just as a "new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime," *Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 n.29 (1994), a new summary judgment rule ought not to govern a summary

issue. The employment contract authorized termination of plaintiff's employment with 30 days' notice, and defendant contends, based on materials it has submitted, that it complied with this provision by providing plaintiff with 30 days' pay in lieu of notice. The question, then, is (or ought to be) whether such pay would satisfy the contract, and—if so—whether there exists a genuine issue of material fact as to whether the payment was made.

But in what can only be described as a retreat disguised as a counterattack, plaintiff simply denies being paid and devotes almost the entirety of his brief in opposition to asserting a claim (found nowhere in the complaint) for breach of the implied covenant of good faith and fair dealing. But just as "[g]eneral propositions do not decide concrete cases," *Lochner v. New York*, 198 U.S. 45, 76 (1905) (Holmes, J., dissenting), "general denials" do not defeat motions for summary judgment. *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1562 (Fed. Cir. 1987). Nor can summary judgment be avoided by asserting an entirely new claim for relief. Because plaintiff does not contest defendant's interpretation of the contract or point out the existence of any genuine issue of material fact, the court will grant defendant's motion.

**I. Facts**

The parties agree that this case centers around an employment contract—an Agreement with Locally Employed Staff for Personal Services (the "Agreement")—entered into on May 7, 2008, and made effective retroactively on February 3, 2008. Under the Agreement, plaintiff was to serve the Department of State as a Diplomatic Courier Liaison at the United States Embassy in Mexico City, Mexico. Compl. ¶ 11; Def.'s Mot. at A1; Def.'s Proposed Statement of Undisputed Fact ("PSUF") ¶ 1. Plaintiff was to be employed for a period of one year with nine one-year options, Def.'s Mot. at A1 ("Agreement") ¶ 4, but the Agreement could be terminated "by either party in writing within THIRTY (30) calendar days notice, *or* by The Government without notice upon The Employee's failure to perform the services required under this Agreement . . . ." Agreement ¶ 14 (the "Agreement Termination Clause") (emphasis added).

The parties further agree that defendant terminated plaintiff's employment on October 2, 2009. Compl. ¶¶ 12, 17; Def.'s Mot. at 2; Def.'s PSUF ¶ 5. In a letter dated the same day, a State Department employee explained, "[a]s your security clearance has been revoked, and the Diplomatic Courier liaison position you currently occupy requires a security clearance, your appointment with the American Embassy is being rescinded effective today October 2, 2009. In lieu of 30 days notice, you will receive 30 days of salary payment." Def's Mot. at A10 ("Letter of October 2, 2009"); Def.'s PSUF ¶ 5; Compl. ¶ 12, 17.

---

judgment motion already filed. Nor would applying two different versions RCFC 56 to different filings concerning the same motion be congruous or practicable. *See id.*; *cf. Diaz v. Shallbetter*, 984 F.2d 850, 852 (7th Cir. 1993) (Easterbrook, J.) (refusing to apply a new version of a Federal Rule of Civil Procedure to a pending case, citing the "presumption against retroactivity"). In any event, the outcome of this case does not depend on which version of RCFC 56 applies.

On March 17, 2011, plaintiff filed a complaint in this court alleging that defendant "breached a contract for employment . . . when it terminated the contract on the grounds that [plaintiff's] security clearance was revoked when in fact it had not been." Compl. ¶ 1. Plaintiff claims that on November 6, 2009, he received an email from the State Department's Personnel Security/Suitability office stating, "Your Top Secret Security Clearance has not been revoked by the Department. . . . [R]ecords do not reflect any suspension or revocation action being taken against your eligibility for access." Compl. ¶¶ 13, 18. Plaintiff has not submitted this email for the court's review.

Plaintiff also alleges in his complaint that a State Department Information Officer, Thomas A. Robilotta, had his wife appointed to a position under plaintiff's supervision in January 2008. Compl. ¶¶ 9, 10. Plaintiff further alleges that in mid-2009, he reported Ms. Robilotta for misconduct, resulting in her reprimand and subsequent resignation. Compl. ¶ 12. Plaintiff never explains the relevancy of these facts, but the intimation seems to be that retaliation, rather than loss of security clearance, was the true reason for the termination of plaintiff's employment in October 2009.

On June 30, 2011, defendant filed this summary judgment motion. Reserving "the right . . . to litigate" the question whether plaintiff's security clearance had been revoked, Def.'s Mot. at 5 n.1, defendant argues that this question is "irrelevant as a matter of law, because the contract provided that [plaintiff] could be terminated by either party in writing with 30 days notice." Def.'s Mot. at 5. Defendant argues that it complied with the Agreement Termination Clause by giving plaintiff "30 days notice . . . in the form of 30 days pay." Def.'s Mot. at 5. In support of this contention, defendant submits numerous exhibits, including a Personal Service Agreement Action, an Earnings and Leave Statement, and a check made out to plaintiff, showing that plaintiff was paid 30 days' salary in lieu of notice. Def.'s Mot. at A12, A13, A14. Defendant's exhibits also include the Agreement (with attachments), the Letter of October 2, 2009, and a Declaration of Deborah Y. Pedroso, the letter's author. Def.'s Mot. at A1, A10, A15.

In opposition to the motion, plaintiff briefly asserts that he "has refused to accept the 'severance pay' offered to him" and that the money was not "conveyed" to him. Pl.'s Opp. at 4. Plaintiff cites to no materials in the record in support of this contention, instead devoting the remainder of his opposition brief to arguing that defendant breached the implied covenant of good faith and fair dealing. Pl.'s Opp. at 3-7. Defendant argues in response that this claim is not properly before the court, that plaintiff's allegations do not amount to a breach of the implied covenant, and that plaintiff submits no evidence and cites to nothing in the record in support of his allegations. Def.'s Reply at 3-7.

## II. Application of Summary Judgment Standard to the Facts

This, as any, summary judgment motion requires the court to ascertain whether there exists a "genuine issue of material fact" which, if resolved in plaintiff's favor, would entitle plaintiff to relief. RCFC 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The definition of a "genuine issue of material fact" is well known: an issue is "genuine" if it can be reasonably be resolved in favor of either party, and a fact is "material" if its determination is necessary to deciding the case. *Id.* at 248-50. As always, the initial burden rests with the movant to point out how the materials in the record fail to demonstrate the existence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once this burden is

Case 1:11-cv-00166-LB Document 13 Filed 03/01/12 Page 4 of 6

discharged, however, it falls on the nonmovant to submit or cite materials in the record showing that a genuine issue of material fact does exist. *Id.*; *see also* RCFC 56(c).[3]

Plaintiff argues that a genuine issue of material fact arises under two distinct contractual terms: the Agreement Termination Clause and the implied covenant of good faith and fair dealing. The court addresses each in turn.

*A. Agreement Termination Clause*

Because of its centrality to the case, it is worth recalling the language of the Agreement Termination Clause. It provides for termination "by either party in writing within THIRTY (30) calendar days notice, *or* by the Government without notice upon The Employee's failure to perform the services required under this Agreement . . . ." Agreement ¶ 14 (the "Agreement Termination Clause") (emphasis added). By its plain language, the Clause allows for plaintiff's termination *either* with 30 days' notice, *or* for failure to perform required services.

For purposes of this motion, defendant contends that it terminated plaintiff's employment in accordance with the portion of the Agreement Termination Clause authorizing termination with 30 days' notice.[4] Def.'s Mot. at 5. To support that contention and discharge its initial burden under *Celotex*, defendant has submitted numerous materials, including the Letter of October 2, 2009, the Declaration of Deborah Y. Pedroso,[5] the Personal Service Agreement Action, the Earnings and Leave Statement, and the check made out to plaintiff. These materials show that defendant terminated plaintiff's employment effective October 2, 2009, and that upon termination plaintiff was given 30 days' severance pay—characterized by the Letter of October 2, 2009, and the Declaration of Deborah Y. Pedroso as pay "in lieu of" notice. Whether pay "in lieu of" notice satisfies the requirement of "notice" is an issue of contract interpretation, particularly well-suited for summary judgment. *See Gov. Sys. Advisors, Inc. v. United States*,

---

[3] The new RCFC 56 comports with the old version in this respect, though with somewhat different language. The old version required a properly supported summary judgment motion to be defended against "by affidavit or other written or oral evidence," whereas the new version refers to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only, admissions, interrogatory answers, or other materials." Both versions of the Rule reflect *Celotex*'s holding that once the movant has "point[ed] out . . . that there is an absence of evidence to support the [nonmovant's] case," the nonmovant must "go beyond the pleadings" and rely on actual materials in the record. *Celotex*, 477 U.S. at 324-25.

[4] Although not litigating the issue in this motion, defendant specifically preserves the question whether plaintiff's security clearance was revoked, and hence whether plaintiff was terminated for failure to perform services required by the Agreement. *See* Def.'s Mot. at 5 n.1 ("We reserve the right, however, to litigate this issue should it become relevant.").

[5] As this court has previously noted, unsworn declarations under penalty of perjury such as this one may be used in lieu of affidavits. *Berry v. United States*, 86 Fed. Cl. 750, 754 n.10 (2009) (citing 28 U.S.C. § 1746).

- 4 -

847 F.2d 811, 812 n.1 (Fed. Cir. 1988) (citing *P.J. Maffei Bldg. Wrecking Corp. v. United States*, 732 F.2d 913, 916 (Fed. Cir. 1984)).

Neither party addresses that issue of contract interpretation directly, but defendant necessarily assumes that pay "in lieu of notice" may satisfy a requirement of "notice." This assumption is reasonably implicit in defendant's argument because, without it, defendant's request for summary judgment based on pay in lieu of notice makes no sense. And there is authority to support defendant's implicit assumption. *Farias v. Baxar County Bd. Of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 868, 877 (5th Cir. 1991) (holding that 120 days notice was satisfied by 30 days work plus 90 days pay), *cert. denied*, 502 U.S. 566 (1992); *see also* Richard A. Lord, 19 Williston on Contracts § 54:48 (4th ed. 2011) ("In general, where a contract of ordinary employment stipulates for . . . a certain period of notice, the employment may be cancelled on shorter notice, *or with none at all*, upon payment of the wages or salary for the period of notice.") (emphasis added); *cf. Allen v. Sybase, Inc.*, 468 F.3d 642, 646-47 (10th Cir. 2006) (holding that the Worker Adjustment and Retraining Notification Act imposes a notice requirement in case of a mass layoff, "thereby imposing on an employer the obligation to provide either statutory notice or sixty days' back pay in lieu of notice to relevant employees"). These authorities contain no discussion, but a rationale seems obvious: an employee entitled to notice before termination loses nothing when he is instead terminated immediately but paid for the notice period.

Ultimately, however, the court need not resort to these authorities. To be sure, plaintiff apparently agrees with defendant's interpretation of the contract. His opposition brief contains just one sentence addressed to the actual substance of defendant's summary judgment motion: "Plaintiff has refused to accept the 'severance pay' offered to him so any reflection that this money was conveyed to the Plaintiff is another misrepresentation by the defendant." Pl.'s Opp. at 4. Thus, although plaintiff denies that he was given (or that he accepted) pay in lieu of notice, he does not contest defendant's underlying assumption that pay in lieu of notice *would* satisfy the requirement of notice. Because defendant's materials tend to show that defendant did provide plaintiff with 30 days' pay in lieu of notice, the *Celotex* burden shifts to plaintiff, and the only remaining question is whether plaintiff has cited or submitted materials tending to show the existence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 324.

It is indisputable that plaintiff has failed to meet his *Celotex* burden. To survive a properly supported summary judgment motion, "the non-movant may not rest upon general denials in its pleadings or otherwise, but must proffer countering evidence sufficient to create a genuine factual dispute." *Sweats Fashions*, 833 F.2d at 1562. Plaintiff has neither submitted materials of his own, nor shown how the materials already in the record create a genuine issue of material fact. He has done nothing more than rest on an ambiguous "general denial": that he has either "refused to accept" his severance pay, or that such pay was never "conveyed" to him." Pl.'s Opp. at 4. This is not enough to survive a summary judgment motion. Put simply, while defendant has met its burden under *Celotex* properly to support its summary judgment motion, plaintiff has failed to meet its burden to submit or cite materials in the record showing the existence of a genuine issue of material fact.

*B. Implied Covenant of Good Faith and Fair Dealing*

Perhaps sensing the futility of sticking to his original claim, plaintiff devotes most of his opposition brief to setting forth a new claim for a breach of the implied covenant of good faith and fair dealing.[6] It is unclear what precisely plaintiff is alleging, but in any event this "claim" is not properly before the court. A plaintiff cannot keep his case alive through bait-and-switch, luring the defendant into moving for summary judgment on one claim, only then to assert an entirely different claim. *See Crawford v. United States*, 179 Ct. Cl. 128, 376 F.2d 266, 276 (1967) (holding that a claim not pleaded in the "petition" (i.e. the complaint) was "not properly before the court" on a motion for summary judgment); *cf. Redland Co., Inc. v. United States*, 97 Fed. Cl. 736, 756 (2011) (declining to consider a claim for relief not contained in the plaintiff's complaint and first raised in plaintiff's motion for summary judgment); *Michels v. United States*, 72 Fed. Cl. 426, 431-32 (2006) (holding that a plaintiff cannot avoid dismissal under RCFC 12(b)(6) by asserting a new claim).

Defendant cannot be faulted for failing to demonstrate the absence of a genuine issue of material fact as to a claim that it had no notice of at the time of the motion. Indeed, the very purpose of notice pleading is to prevent this sort of "litigation by ambush," whereby briefs are used opportunistically to add claims or defenses to pleadings. *See Resource Recycling Corp., Inc. v. United States*, 56 Fed. Cl. 612, 618 (2003) (quoting *Cubic Def. Sys. v. United States*, 45 Fed. Cl. 450, 466-68 (1999)). Put simply, there is a time and a place for everything: a new claim should be asserted by amending the complaint, *see* RCFC 15, not by responding to a summary judgment motion. Rather, plaintiff's task here was to point to materials in the record demonstrating the existence of a genuine issue of material fact as to the claim he *did* raise in his complaint.

### III. Conclusion

In short, there is no basis in any of the materials before the court to conclude that there exists a genuine issue of material fact which, if resolved in plaintiff's favor, would entitle plaintiff to relief. Accordingly, defendant's MOTION for summary judgment is GRANTED. The Clerk is directed to take the steps necessary to dismiss this matter.

**IT IS SO ORDERED.**

s/ *Lawrence J. Block*

Lawrence J. Block
Judge

---

[6] The implied covenant of good faith and fair dealing is an obligation or duty which prohibits contracting parties from interfering with each other's performance or acting so as to destroy the each other's reasonable expectations. *Centex Corp. v. United States*, 395 F.3d 1283, 1304 (Fed. Cir. 2007); *see also Precision Pine & Timber, Inc. v. United States*, 596 F.3d 817, 829 (Fed. Cir. 2010).